IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRENT TYLER TREPANIA,

                        Plaintiff,

  v.                                                  OPINION and ORDER

J.A. CURPHY, and SGT. FRICK,                            23-cv-340-jdp

                        Defendants.

---

This case arises from an incident that occurred when plaintiff Trent Tyler Trepania was held at the Douglas County Jail. Trepania, proceeding without counsel, alleges that defendants tripped and pushed him into his cell and then kneeled on his back after he had fallen to the floor. I granted Trepania leave to proceed on Fourteenth Amendment excessive force claims. Dkt. 25. Defendants move for summary judgment. Dkt. 40. Trepania did not respond to defendants' motion. I will grant the motion because the undisputed facts show that defendants acted reasonably under the circumstances.

UNDISPUTED FACTS

The following facts are drawn from defendants' proposed findings of fact, which I deem to be undisputed, and video of plaintiff Trent Trepania's cell.

On February 28, 2023, Trepania was being held on lockdown at the Douglas County Jail. Defendants Officer Jack Curphy and Sergeant Jesse Frick were part of a team of officers conducting a search of the unit in which Trepania was housed. Pursuant to the jail's practice for inmates on lockdown, the officers handcuffed Trepania before opening his cell and then placed a stomach restraint belt on him before escorting him to a holding cell where he could

wait during the search of his cell. Trepania resisted being handcuffed and swore at the officers as they were restraining him and escorting him down the hall to the holding cell.

The officers completed the search of Trepania's cell and returned to Trepania to bring him back to his cell. Trepania attempted to pull away from the officers while they were escorting him back. Dkt. 42, ¶ 19; Dkt. 43, ¶ 8. When they got to the doorway of Trepania's cell and started removing the stomach restraint belt, Trepania again pulled away from the officers and tried to turn to face them while making verbal threats to the officers. Dkt. 42, ¶ 21; Dkt. 43, ¶ 9; Dkt. 42-2 (cell camera video 6:54:22–42). In response to this resistance, the officers brought Trepania down to the ground to regain control of him. Dkt. 42, ¶ 22; Dkt. 43, ¶ 11.

The officers attempted to lower Trepania to the ground as they stepped forward into his cell. Dkt. 42-2 (cell camera video 6:54:41–42). But as Curphy moved into the cell lowering Trepania's left shoulder and arm downward, Curphy tripped on the raised concrete slab that served as a bed in the cell and knocked into Trepania as Frick was pushing Trepania downward from his right shoulder and arm. *Id.* (6:54:41–44). Once Trepania was facedown on the ground, Frick kneeled on his legs to immobilize them. *Id.* (6:54:52–55:49); Dkt. 43, ¶¶ 12–13.

Trepania continued to swear at the officers while he was on the ground, but he stopped physically resisting. Dkt. 42, ¶ 23. The officers then turned Trepania over, so he was lying on his back, sat him up, and then walked him back to the door of the cell. Dkt. 42-2 (cell camera video 6:55:51–56:53). They removed the stomach restraint belt and then closed the cell door with Trepania inside and removed his handcuffs from outside the cell. *Id.* (6:56:59–57:43).

Trepania later reported to Frick that he had skinned his knee in the incident. But Trepania was able to place his full weight on his leg, so the on-call nurse instructed Frick that Trepania could see medical staff the next day. Dkt. 43, ¶¶ 23–26.

Trepania's complaint alleges that he has scarring on his knee and that he had pain in his hands, sternum, and back from the incident.

ANALYSIS

I gave Trepania leave to proceed on the following claims:

- A Fourteenth Amendment excessive force claim against Curphy for tripping and pushing Trepania toward the concrete slab while he was restrained.

- A Fourteenth Amendment excessive force claim against Frick for kneeling on Trepania's back.

The Due Process Clause of the Fourteenth Amendment governs excessive force claims of pretrial detainees. *See Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017). Under the Fourteenth Amendment, a plaintiff must show that a defendant (1) intended to carry out a certain course of action; and (2) that course of action was not objectively reasonable. *Pittman by and through Hamilton v. Madison Cnty.*, 108 F.4th 561, 568 (7th Cir. 2024). Defendants move for summary judgment on both excessive force claims.

The question on summary judgment is whether there are any genuine factual disputes that could make a difference to the outcome of the case, or, stated another way, whether a reasonable jury could find for the nonmoving party, after drawing all reasonable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Loudermilk v. Best Pallet Co., LLC,* 636 F.3d 312, 314–15 (7th Cir. 2011); *Montgomery v. American Airlines,*

*Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). But courts should not credit a party's version of events if it is contradicted by video evidence. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

A. **Curphy**

Trepania alleges that Curphy tripped Trepania and pushed him so that he fell onto his cell floor. But the evidence establishes that the officers intentionally took Trepania down to the floor in response to Trepania's resistance. Affidavits from Curphy and Frick establish that Trepania was verbally and physically resisting the officers as they returned him to his cell. Because of Trepania's resistance, Curphy and Frick decided to take Trepania down to the ground to regain control. Each took hold of one of his shoulders and arms and moved forward with him to force him to the ground. Dkt. 42-2 (cell camera video 6:54:41–42).

The Fourteenth Amendment does not prohibit the use of force to take down a person who is verbally defiant and physically resisting officers. *Stewardson v. Titus*, 126 F.4th 1264, 1276–77 (7th Cir. 2025); *cf. Johnson v. Rogers*, 944 F.3d 966, 969 (7th Cir. 2019) ("an officer is entitled to immunity for a takedown that enables the officer to control a suspect during an arrest"). Video of the incident corroborates the officers' statements that Trepania was turning toward them and not complying with their orders. Dkt. 42-2 (cell camera video 6:54:25–41). Under the circumstances, it was reasonable for the officers to use force to control Trepania.

Curphy admits that he tripped on the bed in the cell as the officers were attempting to get Trepania onto the ground. Curphy does not provide additional details about the effect of his tripping during the takedown, but video of the incident shows that Curphy fell toward Trepania and possibly knocked into him when Curphy lost his balance and was falling forward. *Id.* (6:54:40–45). But any additional force that Curphy used on Trepania when he fell was unintentional, so it is not actionable under the Fourteenth Amendment. *See Kingsley v.*

4

*Hendrickson*, 576 U.S. 389, 396 (2015) ("if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim").

No reasonable jury could find that Curphy's intentional use of force to bring Trepania to the ground was objectively unreasonable, so the court will grant summary judgment to defendants on Trepania's claim against Curphy.

**B. Frick**

Trepania alleges that Frick kneeled on his back once he was on the ground. But Frick asserts that he kneeled only on the back of Trepania's legs, not his back, and that he did so to restrain Trepania to prevent him from kicking anyone in the cell. Dkt. 43, ¶¶ 12–15. The exact position of Frick's knees is not always visible on the video, but it does not show Frick kneeling on Trepania's back at any point. So the video does not contradict Frick's affidavit, and there is no evidence to support Trepania's allegation that Frick kneeled on his back.

Courts must judge reasonableness from the perspective of the defendant officer, giving deference to policies and practices necessary to maintain order and institutional security and considering that officers must "make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving." *Kingsley*, 576 U.S. at 399–400 (quoting *Graham v. Connor*, 490 U.S. 386, 399 (1989)). Trepania had been physically resisting officers prior to the takedown, and he continued to swear at officers while he was on the ground. Dkt. 42, ¶ 23. Under the circumstances, no jury could find that Frick's use of force was objectively unreasonable, so the court will grant summary judgment to defendants on Trepania's claim against Frick.

ORDER

IT IS ORDERED that defendants' motion for summary judgment, Dkt. 40, is GRANTED. The clerk of court is directed to enter judgment accordingly and close this case.

Entered May 21, 2025.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          JAMES D. PETERSON
                                          District Judge